# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TERRY C. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-cv-526-MJR** |
| | ) | |
| **JOSE A. DELGADO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center at the time of the filing of this action, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. §1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from

such relief.

28 U.S.C. § 1915A.   An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

While being housed at the Tamms Correctional Center, Plaintiff petitioned, and was informed by Defendant Mitchell in April 2008 that he had received, the restoration of nine months of good conduct credits.   On May 2, 2008 Plaintiff witnessed two correctional officers assault another inmate while the inmate was restrained by handcuffs and leg shackles. Plaintiff did not make a written statement about the incident, but when questioned by Defendants Newell and Mitchell about whether he was aware of the incident, he vaguely replied that he knew something, though he did not provide any details and never gave a formal written statement. Then on May 13, 2008 Plaintiff was transferred to the general population of the Menard Correctional Center.

In July 2008 Plaintiff was summoned to a hearing where he was shown a written statement he had supposedly given to Defendants Newell and Mitchell regarding the assault, stating that the inmate had not been restrained.   Plaintiff explained that he had never given a statement regarding the incident, that the written statement in question had not been authored by him, and that the facts contained therein where not accurate.   Plaintiff then provided a truthful statement regarding the incident as he had witnessed it.

2

On October 14, 2008, after providing this written statement, Plaintiff was issued a disciplinary report by Defendant Delgado for impeding an investigation and giving false information.  On October 29th Plaintiff appeared before a disciplinary hearing consisting of Defendants Parnell and Lee, where he was sentenced to segregation based on evidence that Plaintiff was never shown.

Plaintiff further complains that while in segregation he was denied his personal property (combs, envelopes, books, etc.).  Defendants Gaetz, Mitchell, Newell, Hulick, Walker, and Bartley withheld the nine months of good conduct credit that had been restored while Plaintiff was at Tamms.

**Discussion:**

Plaintiff complains that Defendants Delgado, Walker, Hulick, Gaetz, Mitchell, Parnell, Lee, Newell, and Bartley retaliated against him for complaining about staff conduct; specifically for denying that the supplied written statement was his own and instead providing his own truthful statement about the inmate who had been assaulted.  Plaintiff alleges that Defendant Delgado issued Plaintiff a false disciplinary report, and that Defendants Parnell and Lee then sent Plaintiff to segregation in an effort to retaliate.  Defendants Gaetz, Mitchell, Newell, Hulick, Walker, and Bartley then withheld Plaintiff's reinstated good time credits, also in an effort to retaliate against Plaintiff for alleging staff misconduct.

A plaintiff states a claim for violation of procedural due process rights when he alleges that defendants have filed and/or approved disciplinary tickets, reports, and other documents that contain false charges that are not supported by any evidence. *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).  The issuance of these documents containing false statements rises to a

3

substantive due process violation where the charges were fabricated in retaliation for the plaintiff's exercise of a constitutional right. *Id.* at 1402-03; (*see Cain v. Lane*, 875 F.2d 1139, 1145 (7th Cir. 1988); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (stating that the filing of a false disciplinary charge against a prisoner is actionable under §1983 where it is done for retaliatory purposes).  "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000)(citation omitted).  In this case, Plaintiff alleges that he was issued the disciplinary report, then sent to segregation without being shown the evidence used to find him guilty, only after he denied authoring a written statement concerning an assault and then authoring his own statement which incriminated prison staff.  Plaintiff was then denied the nine months of good conduct credit which had been reissued before the assault occurred.  Such a chronology arguably presents a colorable claim of retaliation.  Therefore, the Court is unable to dismiss this retaliation claim against Defendants Delgado, Walker, Hulick, Gaetz, Mitchell, Parnell, Lee, Newell, and Bartley at this point in the litigation.

Plaintiff next claims that by placing him in segregation, Defendants Parnell and Lee deprived him of his property in violation of the due process clause.  A prison has the discretion to keep its inmates "in a range of custodial conditions without infringing upon a prisoner's liberty or property interests." *Sandin v. Conner*, 115 S.Ct. 2293, 2301 (1995).  This is because imprisonment necessarily involves the "limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285 (1948).  Plaintiff was denied his property while in segregation, a common prison practice which does not amount to a violation of due process.  As such, this claim against Defendants

4

Parnell and Lee is dismissed with prejudice.

**Disposition:**

 IT IS HEREBY ORDERED that the Clerk shall prepare for Defendants **DELGADO, WALKER, HULICK, GAETZ, MITCHELL, PARNELL, LEE, NEWELL,** and **BARTLEY**:  (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons.  The Clerk is directed to mail said forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's work address or employer address as provided by Plaintiff.  If a Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

 IT IS FURTHER ORDERED that, with respect to a Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above, or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

 IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendants or their counsel.  Any paper received by a

district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.   Failure to comply with this order will cause a delay in the transmission of court documents, and  may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED January 27, 2011**

**s/ Michael J. Reagan**

**United States District Judge**