IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRY C. JOHNSON,                    )
                                     )
                 Plaintiff,          )
                                     )
vs.                                  )        Case No.  10–cv–526–SCW
                                     )
JOSE  A.  DELGADO  and  DAVID        )
MITCHELL,                            )
                                     )
                 Defendants.         )

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

### I.  Introduction

Before the Court are two motions for summary judgment filed by Plaintiff and

Defendants.  Defendants have filed a motion for summary judgment seeking judgment on Plaintiff's

retaliation claim and due process claim (Docs. 72, 73, & 74).[1]  Plaintiff has filed a response to that

motion (Docs. 83 & 84).  Further, Plaintiff has filed a summary judgment motion of his own arguing

that Defendants are not entitled to qualified immunity (Docs. 75, 76, 77, & 78).  Defendants have filed

a Response to that motion (Doc. 81).  Defendants also filed a Reply to their own motion for summary

judgment (Doc. 88).  Subsequent to that filing, Plaintiff filed a Motion to Strike Defendants' Reply

(Doc. 89), arguing that Defendants had not set forth an "exceptional circumstance" for filing such a

brief.  Defendants have filed a Response (Doc. 90) to that motion and Plaintiff has filed a Reply (Doc.

---

[1]  The motion was initially filed by all Defendants including Kenneth Bartley, Jose Delgado, Donald Gaetz, Donald Hulick, Tracy Lee, David Mitchell, Robert Newell, and Charles Parnell. Subsequent to that filing, Plaintiff sought and was granted leave to file an amended complaint (Doc. 87).  Plaintiff's new complaint leaves only claims against Defendants Jose Delgado and David Mitchell.  All other Defendants were terminated from the case.  Thus, this Order will only address the remaining claims of retaliation against Defendants Delgado and Mitchell (Count 1) and the due process claim against Defendant Mitchell (Count 2).

92).  Based on the following, the Court **DENIES** all pending motions.

## II.  Factual Background

The events at issue in Plaintiff's Amended Complaint took place while Plaintiff was housed at Tamms Correctional Center and then Menard Correctional Center (Doc. 87 at ¶ 3).  At the time, Defendant Jose A. Delgado was a correctional officer at Tamms and Defendant David Mitchell was a correctional lieutenant at Tamms (*Id.* at ¶ 4).  Plaintiff's Complaint stems from an incident he witnessed in the prison law library while being housed at Tamms Correctional Center.  On May 2, 2008, Plaintiff claims that he witnessed two correctional officers assault another inmate, Inmate Wilkins, in the library at Tamms Correctional Center (Doc. 73 Ex. A at pp. 30-34).  Plaintiff claims that at the time of the assault, he saw Plaintiff restrained by handcuffs behind his back.  Plaintiff testified to Internal Affairs about his recollection of the May 2, 2008 incident on July 1, 2008, at which time he was housed at Menard Correctional Center (*Id.* at p. 29).  Specifically, Plaintiff informed investigators that while in the law library, he saw officers place handcuffs on Inmate Wilkins, who was in another cell, and then grabbed him, began choking Inmate Wilkins, and placed him on the ground (*Id.* at pp. 30-34).

Plaintiff's Amended Complaint alleges that Defendants Delgado and Mitchell retaliated against him for complaining about staff conduct to the Internal Affairs investigators and that in retaliation for those complaints, Defendant Delgado wrote him a disciplinary ticket on October 14, 2008 and Defendant Mitchell mislead Internal Affairs investigators by leading them to believe that Plaintiff was lying about the May 2, 2008 incident and by keeping Plaintiff's restoration of Good Conduct Credit from being processed (Doc. 87 at ¶¶ 60 & 61).  Defendant Delgado was in the Internal Affairs Unit and he was directed to draft a disciplinary ticket for Plaintiff (Doc. 73 Ex. D at p. 87).  On October 14, 2008, Defendant Delgado issued Plaintiff a ticket for Giving False Information to an Employee and Impeding or Interfering with an Investigation (Doc. 73 Ex. E).  Plaintiff received a copy of the ticket on October

27, 2008, at which time he was housed at Menard Correctional Center (*Id.*).  Plaintiff was found guilty

of the charge and sentenced to 6 months C-grade, 6 months commissary restriction, and 6 months

segregation (Doc. 73 Ex. F).

   Defendants maintain that Plaintiff received the disciplinary ticket because his testimony

did not match any of the other witnesses' testimony.  Defendants state that all of the other witnesses,

including Inmate Wilkins, himself, testified that Wilkins was not fully handcuffed during the incident

in question.  Plaintiff maintains that there were at least three different version of events told by each

witness.  Plaintiff testified that he observed Inmate Wilkins fully handcuffed during the incident (Doc.

74 Ex. C at p.6).  The C/Os involved in the incident, Hunziker and Mason, testified that while Wilkins

was initially handcuffed with both hands behind his back, the C/Os observed Wilkins remove one hand

from the cuff (Doc. 74 Ex. C at pp. 7- 8).  Further, Inmate Wilkins testified that the C/Os did not place

handcuffs on him and that C/Os Hunziker, Hunsaker,[2] and Mason participated in the assault (*Id.* at

pp. 5-6)

   As to Plaintiff procedural due process claim, Plaintiff maintains that he submitted a

request for restoration of good conduct credit on April 2, 2008 and that he never heard anything further

from Defendant Mitchell regarding his request, which violated his due process rights.  Plaintiff states

that prior to his April 2, 2008 he request, his last request for restoration of good conduct credit was on

December 31, 2007 (Doc. 82 Ex. A-1).  Defendants, however, note that Plaintiff requested restoration

of good conduct credit on December 10, 2007 and that six months of restoration was approved on

February 13, 2008 (Doc. 73 Exs. G & H).  Defendants also note that Plaintiff next request occurred on

March 18, 2008 which again was approved for six months of restoration of good conduct credit on

---

  [2]  The report notes that Hunsaker was on Medical Leave during the investigation and refused
to give a statement (*Id.* at p. 9).

April 14, 2008 (*Id.* at Exs. I & J).[3]

### III.  Summary Judgment Standard

Summary Judgment is proper only "if the admissible evidence considered as a whole shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Dynegy Mktg. & Trade v. Multi Corp.*, **648 F.3d 506, 517 (7th Cir. 2011) (internal quotation marks omitted)(citing FED.R.CIV.P. 56(a));** *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.,* **422 F.3d 603, 607 (7th Cir. 2005)..**  The party seeking summary judgment bears the initial burden of demonstrating - based on the pleadings, affidavits, and/or information obtained via discovery - the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, **477 U.S. 317, 323 (1986)**.

After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 250 (1986)(quoting FED.R.CIV.P. 56(e)(2)).**[4]  A fact is material if it is outcome determinative under applicable law. *Anderson*, **477 U.S. 242, 248 (1986);** *Ballance v. City of Springfield, Illinois Police Department*, **424 F.3d 614, 616 (7th Cir. 2005);** *Hottenroth v.*

---

[3] It appears to the Court that the requests identified by Defendants are the same requests as identified by Plaintiff.  For instance, Plaintiff indicates that he submitted a request on December 31, 2007.  This request was received by the Adjustment Committee on January 8, 2008.  This appears to be the same request that was received by the CAO on March 18, 2008 and ultimately approved by the Director of the Prisoner Review Board on April 14, 2008.  While it appears as such to the Court, the facts are not clear as to whether these are the same requests.

[4] Rule 56 was revised in December 2010.  According to the Report of the Judicial Conference Committee on Rules of Practice and Procedure, the revisions "are not intended to change the summary judgment standard or burdens."  Judicial Conference Committee on Rules of Practice and Procedure, Report to the Chief Justice of the United States and Member of the Judicial Conference of the United States, 14 (Sept. 2009), available at: http://www.uscourts.gov/uscourts/RulesAndPolices/rules/Reports/Combined_St_Report_Sept_2009.pdf.

*Village of Slinger,* **388 F.3d 1015, 1027 (7th Cir. 2004).** A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson***, 477 U.S. at 248.** "A mere scintilla of evidence in support of the nonmovent's petition is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion." *Albiero v. City of Kankakee***, 246 F.3d 927, 931-32 (7th Cir. 2001) (citations and quotations omitted)**.

On summary judgment, the Court considers the facts in the light most favorable to the non-movant. *Srail v. Vill. of Lisle***, 588 F.3d 940, 948 (7th Cir. 2009)**. The Court adopts reasonable inferences and resolves doubts in the non-movant's favor. *Id.***;** *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.***, 528 F.3d at 512.** Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals that "alternate inferences can be drawn from the available evidence." *Spiegla v. Hull***, 371 F.3d 928, 935 (7th Cir. 2004).** *See also Anderer v. Jones***, 385 F.3d 1043, 1064 (7th Cir. 2004).**

**IV.**   <u>**Analysis**</u>

**A.**   **Motion to Strike**

In response to Defendants' Reply brief to their motion for summary judgment, Plaintiff has filed a Motion to Strike Defendants' Reply (Doc. 89). Specifically, Plaintiff seeks to strike the reply brief because Defendants failed to articulate an exceptional circumstance for filing such a brief according to this Court's local rules. *See* **Local Rule 7.1(c).** Defendants argue in their Response (Doc. 90) that they inadvertently failed to set forth the exceptional circumstances warranting a reply. Defendants, however, argue that a reply brief was necessary to address a number of false assertions in the Response. Plaintiff filed a Reply (Doc. 92). The Court, however, finds that the Reply brief is timely filed and while Defendants did not initially set forth exceptional circumstances in their brief, they have

since articulated reasons for filing a Reply brief.  Thus, the Court will not strike any pleadings in this matter, but will consider all of the filings by the parties.  The Court accordingly **DENIES** Plaintiff's Motion to Strike (Doc. 89).

**B.    Defendants' Summary Judgment Motion**

      **1.    Retaliation Claim against Delgado**

Defendant Delgado argues that he is entitled to summary judgment on Plaintiff's retaliation claim because there is no evidence that Defendant Delgado retaliated against Plaintiff. Specifically, Defendant Delgado argues that all of the evidence indicates that Plaintiff's testimony of events on May 2, 2008, was false and thus he was justified in writing the disciplinary report.

In order to establish a First Amendment retaliation claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that he was "engaged in activity protected by the First Amendment" and that he "suffered a deprivation that would likely deter First Amendment activity in the future." *Bridges v. Gilbert***, 557 F.3d 541, 546 (7th Cir. 2009).**  Plaintiff must also demonstrate that "his speech was at least a motivating factor in the [defendant's] action" in order to make his *prima facie* case.  *Zellner v. Herrick***, 639 F.3d 371, 378-79 (7th Cir. 2011) (citing** *Massey v. Johnson***, 457 F.3d 711, 716 (7th Cir. 2006)).**  However, once Plaintiff has made his *prima facie* case, the burden shifts to defendant "to rebut with evidence that the [defendant's animus] though a sufficient condition was not a necessary condition of the conduct, i.e. it would have happened anyway.  *Greene v. Doruff***, 660 F.3d 975, 980 (7th Cir. 2011).**  Plaintiff "must then demonstrate that the defendant's proffered reasons for the decision were pretextual and that the retaliatory animus was the real reason for the decision." *Zellner***, 639 F.3d at 379.**  At the summary judgment stage of proceedings, "mere speculation" on the plaintiff's part is insufficient; instead, a plaintiff must come forward with some evidence of causation.  *Rockwell Automation, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.***, 544 F.3d 752, 757 (7th Cir.**

**2008)**.

Here, Plaintiff has met his *prima facie* case of showing that his speech was a motivating factor in Defendant Delgado writing him a disciplinary ticket.  Plaintiff alleges that he was retaliated against by Delgado because Plaintiff gave a truthful statement to Internal Affairs about what he saw on May 2, 2008 between Inmate Wilkins and C/O's Hunziker, Hunsacker, and Mason, namely that the C/Os choked Inmate Wilkins and that Wilkins was handcuffed at the time of the incident.  In response to that testimony, Delgado wrote him a disciplinary ticket for providing false information.  Plaintiff maintains that this was done in retaliation because he gave a truthful telling of what he remembered and perceived on the day of the incident, which was consistent with the statements of the officers involved in the incident.

Defendant Delgado, however, maintains that he is entitled to summary judgment because he was directed to write the disciplinary ticket based on the findings of an investigation conducted into the incident and because all of the evidence shows that Plaintiff indeed lied to investigators.  Namely, Defendant argues that the disciplinary ticket would have been issued against Plaintiff anyway because there was evidence that he lied to investigators about what he saw.  Specifically, Defendant Delgado argues the investigation revealed that contrary to Plaintiff's testimony that Inmate Wilkins was handcuffed at the time of the incident, every other witness, including Wilkins, testified that Wilkins was not handcuffed.  Further, Delgado points out that he reviewed the video footage of the incident and that the video shows Inmate Wilkins lunged at the officers from the cell.

However, Plaintiff has offered evidence that Defendant Delgado's reasons for writing the disciplinary ticket were merely pretextual and that the real reason for writing the disciplinary ticket was in retaliation.  Here, Plaintiff offers evidence that contradicts Defendant Delgado's argument that all of the evidence indicated that Plaintiff was lying about what he saw on May 2, 2008.  Defendant

Delgado contends that Plaintiff was issued a disciplinary ticket because he lied about Inmate Wilkins being handcuffed during the event. Plaintiff stated to investigators that Inmate Wilkins was handcuffed during the entire incident with the C/Os, which Defendant Delgado contends is a lie and inconsistent with all of the other testimony provided to investigators. However, C/Os Hunziker and Mason also testified that Inmate Willkins was initially handcuffed at the start of the incident, but that he got out of one handcuff. Further, Plaintiff points out that the video evidence that Defendant Delgado relies on his the disciplinary report does not capture what happened inside the law library cell and is not a clear showing of the incident, a fact Defendant concedes to. Thus, Plaintiff has offered evidence that Defendant Delgado's reasons for issuing the disciplinary ticket are incorrect as there is evidence to support Plaintiff's version of events provided to investigators.

Plaintiff also points out that another inmate witnessed the incident of May 2, 2008 and was interviewed by investigators. Inmate Corey Taylor's account varies entirely from all of the other witnesses, going so far as to identify another correctional officer who participate in the incident which no other witness had stated was present (Doc. 74 Ex. C at p. 7). Investigators noted that given Taylor's location in the library, his view of the incident would have been completely obscured. Yet, even though Taylor's testimony was also inconsistent, he was not given a disciplinary report for lying while Plaintiff was. A jury could view this evidence as evidence of retaliation against Plaintiff since he was punished for his testimony being inconsistent when another inmate, with an equally inconsistent statement of events, was not punished. Further, there is evidence that Plaintiff's testimony was not as inconsistent as alleged in the disciplinary report, as previously pointed out. Thus, the Court finds that Plaintiff has shown enough evidence to survive summary judgment. Accordingly, Defendant Delgado's motion for summary judgment as to the retaliation claim is **DENIED**.

2.      **Claims Against David Mitchell**

Defendant Mitchell also contends that he is entitled to summary judgment on Plaintiff's claims of retaliation and of violation of his procedural due process rights as it relates to Mitchell's failure to respond to Plaintiff's April 8, 2008 request for restoration of good conduct credits.[5]

Under **20 Ill. Admin Code §107.160**, statutory good time may be restored by the Director, "either by his or her own action or upon the recommendation of" the Administrative Review Board, the Adjustment Committee and Chief Administrative Officer, or the Deputy Director of Community Services Division.  **20 Ill. Admin. Code §107.160(a).**  Further, the administrative code goes on to limit requests for restoration.  **20 Ill. Admin. Code § 107.160(d)** states that a "committed person may petition not more frequently than every 3 months through the Adjustment Committee for restoration of statutory good time or good conduct credits."  Plaintiff also points out that if the Department of Corrections "makes a determination under this Code which affects the length of the period of confinement or commitment, the committed person and his counsel shall be advised of the factual information relied upon...to make the determination."  **730 ILCS 5/3-5-1(b).**

Although not clearly set forth by either party in their briefs, it is possible that Plaintiff has a procedural due process right in participating in the procedure for obtaining the restoration of good conduct credits.  To the extent that Plaintiff has a procedural due process right, the Court finds that issues of material fact remain in this case as to whether Defendant Mitchell hampered that process. Plaintiff has offered evidence that he provided Defendant Mitchell with his Offender Request form as

---

[5]  The Court notes that Defendant Mitchell does not argue that he is entitled to summary judgment on Plaintiff's claim of retaliation as it relates to Plaintiff's discipline for making false statements.  Specifically, Plaintiff's Amended Complaint indicates that Mitchell retaliated by misleading Internal Affairs investigations by indicating that Plaintiff's account was false and not Plaintiff's truly-held impression of the events of that day.  Thus, as Defendant has not raised that issue in his motion, the retaliation claim against him regarding his actions with the Internal Affairs investigation into the May 2, 2008 altercation remains pending and cannot be dismissed at this time.

Defendant Mitchell was a member of the Adjustment Committee and thus a participant in the process to receive restoration of good time. Plaintiff argues that Defendant Mitchell hampered the process by not passing the request along the chain in the process. Plaintiff offers a copy of his Offender Request which is marked that it was received on April 4, 2008 (Doc. 82 Ex. A-1). However, it is not clear as to whether Defendant Mitchell actually received the Request. Although the Request is marked in pen that it was received, all other such Requests were file stamped when received. No such file stamp appears on Plaintiff's April 2, 2008 Request. Thus, there is an issue of fact as to whether Defendant Mitchell actually received the Request.

There is also an issue of fact as to whether Defendant Mitchell refused to pass the Request up the procedural chain and whether that was done in retaliation for Plaintiff's testimony to Internal Affairs. Plaintiff argues that Defendant Mitchell failed to process the Request, but Defendant do not address this argument. Instead, Defendant Mitchell argues that he did not have the authority to deny restoration and that Plaintiff's request was untimely. However, there remains issues of fact as to whether the request was timely, as Plaintiff has offered evidence that he submitted his last request in December, making his April request timely under § 107.160(d). Further, as a member of the Adjustment Committee, Defendant Mitchell, although not the ultimate decision maker, was part of the process in seeking restoration of good conduct credit. Thus, he could be held liable either for retaliation or for violating Plaintiff's due process rights, should the jury find that he prevented Plaintiff's request from being processed. Accordingly, the Court finds that there are still issues of material fact as to Defendant Mitchell's treatment of Plaintiff's Restoration request and thus summary judgment is not proper at this time.

## C.    Plaintiff's Summary Judgment Motion

Plaintiff has also filed a summary judgment motion arguing that he is entitled to

summary judgment on Defendants' qualified immunity defense on the retaliation claim. Specifically, Plaintiff maintains that his First Amendment rights are clearly established and Defendants, themselves, recognize that the conduct alleged by Plaintiff would be unreasonable. Defendants maintain that if they are found to have retaliated against Plaintiff for his speech, even though Defendants show that Plaintiff's statements were false, Defendants would be entitled to qualified immunity because this would be a new holding under the law and thus would mean that the right was not clearly established at the time.

   To defeat a defense of qualified immunity, a plaintiff must demonstrate "(1) that the guard's conduct violated his constitutional rights, and (2) that the violated right was clearly established at the time of the alleged misconduct." *Lewis v. Downey*, **581 F.3d 467, 478 (7th Cir. 2009)(citing** *Siegert v. Gilley*, **500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991));** *Phelan v. Village of Lyons*, **531 F.3d 484, 487 (7th Cir. 2008).** The Court has sound discretion in determining which prong to analyze first. *Stainback v. Dixon*, **569 F.3d 767, 770 (7th Cir. 2009) (citing** *Pearson v. Callahan*, **555 U.S. 223, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009)).**

   However, the Court has already discussed at length the issue of whether Defendants' conduct constituted a violation of Plaintiff's constitutional rights and has concluded that this issue is a question of fact left for the jury. *See Lewis v Downey*, **581 F.3d 467, 478 (7th Cir. 2009).** Further, there are still issues as to whether the right was clearly established at the time of the deprivation. Thus, the Court must wait until trial to hear the evidence before determining whether Defendants are entitled to qualified immunity. Thus, the Court **DENIES** Plaintiff's motion for summary judgment (Doc. 75).

## V. <u>Conclusion</u>

   Accordingly, the Court **DENIES** Defendants' motion for summary judgment (Docs. 72 & 73). Further, the Court **DENIES** Plaintiff's Motion to Strike (Doc. 89) as well as Plaintiff's

Motion for Summary Judgment (Doc. 75).  All issues against Defendants Delgado and Mitchell remain for trial.

**IT IS SO ORDERED**.

DATED: December 12, 2012.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge