IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY C. JOHNSON,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No.   10-cv-526-SCW |
| **JOSE A. DELGADO and DAVID MITCHELL,** | ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On March 27, 2013, the Court held a status conference to take up several pending matters prior to trial. Specifically, the Court took up the matter of trial briefs filed by both parties which sought a ruling on Plaintiff's claim alleging that Defendant David Mitchell violated Plaintiff's due process rights by interfering with his requests for restoration of good time credit (Docs. 110, 111, & 114). Defendants had argued that the claim, along with his retaliation claim against Mitchell for the same actions, was barred by *Heck* and that Plaintiff did not have a liberty interest in the restoration of these good time credits. The Court also took up the two pending motions *in limine* (Docs. 94, 98, 100, 99, and 101). The following memorializes the Court's findings and rulings from that hearing.

In regards to Defendant's trial brief which sought a dismissal of the due process and retaliation claims against Defendant David Mitchell, the Court chose to allow the issues to proceed to trial. Specifically, while the Court agrees that Plaintiff does not have a liberty interest in the restoration of good time credits, he has presented issues of fact as to whether the treatment of his restoration requests was exceptionally arbitrary which may, by itself, support a due process claim. *Thompson v. Veach*, 501 F.3d 832, 837 (7th Cir. 2007) ("There is some authority for the

proposition that exceptionally arbitrary governmental conduct may in itself violate the due process clause, whether or not a liberty or property interest is at stake." (quoting *Blair-Bey v. Quick*, 151 F.3d 1036, 1048 n.11 (D.D.Cir. 1998))). Additionally, factual issues remain as to whether Plaintiff had the opportunity to seek habeas relief as to his restoration of good time credits and chose not to seek that avenue of relief. *Burd v. Sessler*, 702 F.3d 429, 436 (7th Cir. 2012). Thus, the Court will allow Plaintiff's claims against Defendant Mitchell to proceed to trial in order to develop the record on these factual issues.

The Court next took up pending motions *in limine* filed by both Plaintiff and Defendants. Plaintiff filed a motion *in limine* (Doc. 94) seeking to bar several evidentiary matters, including his arrest record, convictions, criminal sentence, and current status as a civilly-detained Sexually Violent Person, as well as his alleged gang affiliations and disciplinary record. Plaintiff also sought to avoid prejudice based upon Plaintiff's physical appearance by requesting to appear in civilian clothing and unshackled. The Court **GRANTED IN PART AND DENIED IN PART** Plaintiff's motion *in limine*. As to Plaintiff's convictions, while the Court finds that they do fall within the ten year time limit set forth in **Federal Rule of Evidence 609**, the Court finds that the evidence would be highly prejudicial under **Federal Rule of Evidence 403**. Thus, the Court will limit testimony or evidence regarding Plaintiff's convictions to the fact and number of felony convictions. Defendants, however, may not elicit testimony regarding the names of his convictions or the sentence for those crimes, unless Plaintiff opens the door to the terms of his sentence himself. The Court also will allow testimony or evidence that Plaintiff is currently civilly committed with no current release date. However, testimony or evidence may not be presented as to the reasons for his civil commitment, namely that Plaintiff is considered to be a sexually violent person. As to Plaintiff's motion *in limine* regarding his gang affiliations, Defendants state that they do not anticipate introducing evidence

regarding his gang affiliations. Thus, the Court **GRANTS** Plaintiff's motion *in limine* on that point. Further, Plaintiff sought to bar evidence regarding his disciplinary record. Defendants argue, however, that they need to be able to go through his discipline record and the restoration of the loss of good time associated with those disciplines in order to fully present the revocation and restoration process to the jury. Defendants have stated that they do not intend to elicit testimony or evidence regarding the details of the revocation or why Plaintiff received discipline. Thus, the Court **GRANTS IN PART** Plaintiff's motion. While Defendants may discuss the fact that Plaintiff was disciplined, the reasons for that discipline is excluded.

Plaintiff also requests in his motion *in limine* that he be allowed to wear civilian clothing and appear without hand-cuffs in the presence of the jury. The Court finds no issues with Plaintiff's request for civilian clothing, nor have Defendants pointed to any security or other issues that might arise from allowing Plaintiff to wear civilian clothes at trial. Thus, if Plaintiff or his attorney wants to provide Plaintiff with his own civilian clothing, Plaintiff may wear civilian clothing at trial. As to the shackles request, the Court notes that while a prisoner plaintiff is normally allowed to appear without hand restraints, his legs are usually shackled for security measures However, his leg shackles will be blocked from the view of the jury. Further, Plaintiff will be brought into Court and transferred to the witness stand, if applicable, outside of the presence of the jury in order to prevent the jury from seeing any shackles. This standard procedure should address any concerns Plaintiff has with the jury potentially seeing his shackles or other restraints.

Defendants have also filed a motion *in limine* (Doc. 99) seeking to exclude two exhibits by Plaintiff, namely the Workers Compensation files of Hunsaker and Hunziker. Neither Hunsaker or Hunziker are defendants in this case but might be called as witnesses. Plaintiff claims that both witnesses' compensation claims are relevant because their claims could have been jeopardized if

Plaintiff's version of the May 2, 2008 incident between Hansaker and Hunziker and an inmate Wilkins was deemed true. Plaintiff was ultimately disciplined because his version of the May 2, 2008 incident was deemed an intentional lie. Plaintiff argues that Defendant Delgado was aware of these claims when he wrote the disciplinary ticket against Plaintiff and that was part of his motivation for writing the ticket. The Court finds that it is not able to discern what the relevance of Hunsacker's and Hunziker's files would be in this case. The Court thus finds that Plaintiff may cross-examine the witnesses about their knowledge of the worker's compensation claims and the possible bias they may have due to those claims. However, without some further showing of relevance, the Court will not allow the introduction of the files themselves. Thus, the Court **GRANTS IN PART** Defendants' motion *in limine*.

**IT IS SO ORDERED**.

DATED: March 28, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge