IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY C. JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No.   10-cv-526-SCW |
| JOSE A. DELGADO and DAVID MITCHELL, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

### I.   Introduction

Before the Court is Plaintiff's Motion for New Trial or, Alternatively, To Alter or Amend the Order Directing a Verdict in Favor of Defendants (Doc. 123).   Plaintiff argues that he presented sufficient evidence to submit his retaliation and due process claims to the jury.   Defendants have filed a Response (Doc. 144) in opposition to the motion.   Based on the following, the Court **DENIES** Plaintiff's motion for new trial or motion to alter or amend order directing a verdict in favor of defendants (Doc. 123).

### II.   Background

On April 9, 2013, this Court entered judgment in favor of Defendants Jose A. Delgado and David Mitchell on Defendants' Federal Rule of Civil Procedure 50 motion for judgment as a matter of law.   Defendants argued that they were entitled to judgment as a matter of law at the close of the evidence on both Plaintiff's retaliation and due process claims against them.

Plaintiff's Amended Complaint had alleged that both Defendants Delgado and

Mitchell retaliated against Plaintiff for complaining about conduct to the Internal Affairs investigators. On May 2, 2008, Plaintiff witnessed an alleged assault on another inmate, Inmate Wilkins, by two correctional officers in the library at Tamms Correctional Center. Plaintiff claims that at the time of the assault, Plaintiff had his hands handcuffed behind his back. He testified as such to Internal Affairs on July 1, 2008 while housed at Menard Correctional Center. Plaintiff informed Internal Affairs investigators that while in the law library, he saw officers place handcuffs on Inmate Wilkins, who was in another cell, and then grab him, and begin choking Inmate Wilkins. Plaintiff alleged that Defendant Delgado retaliated against him for his July 1, 2008 statement by writing him a disciplinary ticket on October 14, 2008 and Defendant Mitchell retaliated for the same statement by misleading Internal Affairs investigators in a subsequent interview on July 28, 2008, leading them to believe Plaintiff was lying about the May 2, 2008 incident, and by keeping Plaintiff's restoration of Good Conduct Credit from being processed. Plaintiff also alleged that Defendant Mitchell violated his due process rights by interfering with Plaintiff's request for restoration. The Court entered judgment on both of Defendants' Rule 50 motions in the following respects:

**A.     Defendant Delgado**

As to the retaliation claim against Defendant Delgado alleging that he wrote a disciplinary ticket in retaliation for Plaintiff's statements, the Court, though finding the matter a close call, found that Defendant Delgado was entitled to qualified immunity. Defendant Delgado wrote the disciplinary ticket against Plaintiff after an independent investigation was done and the report recommended that a disciplinary ticket be issued as Plaintiff's statements were unsubstantiated. He did not conduct his own investigation but wrote the disciplinary ticket on the recommendation of the investigating officers. As Delgado should be able to rely on the report and issue a ticket consistent with the report's findings, the Court found that he was entitled to qualified immunity. The Court also

noted that there was evidence that even if Delgado had retaliatory motive, a disciplinary ticket would have been issued against Plaintiff anyway as the independent investigative report suggested that a disciplinary ticket be issued against Plaintiff.

**B.     Defendant Mitchell**

As to the retaliation claim against Defendant Mitchell involving his July 28, 2008 statement, the Court found that there was no evidence from which a reasonable jury could decide that his conduct was retaliatory. The evidence at trial was that Defendant Mitchell attributed a statement to Plaintiff on May 12, 2008, stating that as committee chairperson at Tamms he conducted a hearing on the assault disciplinary report against Wilkens and interviewed Plaintiff who told him that during the incident Wilkins only had one hand handcuffed and he did not assault anyone. On July 1, 2008, Plaintiff was interviewed by Internal Affairs and made a statement that contradicted the statement Mitchell attributed to Plaintiff. Plaintiff stated in that interview that Wilkins was cuffed the entire time and was choked by staff. On July 25, 2008, Mitchell was interviewed by Internal Affairs and he reaffirmed the original statement from May 12, 2008 that he attributed to Plaintiff. Plaintiff alleged at trial that this second statement was in retaliation for Plaintiff's July 1, 2008 statements. The Court, however, found no evidence of retaliatory motive as Mitchell merely reaffirmed his statement from May 12, 2008, a statement that was made prior to Plaintiff's protected conduct which occurred on July 1, 2008. As Mitchell had already made the same statement prior to the protected conduct, the Court found no evidence from which a reasonable jury could conclude that restating his May 12, 2008 statement on July 25, 2008 was in retaliation for Plaintiff's contradictory testimony on July 1, 2008.

As to Plaintiff's other retaliation claim against Defendant Mitchell, that Mitchell retaliated against Plaintiff by failing to process Plaintiff's requested good time credits, the Court found that a jury could not reasonably conclude that there was retaliatory motive on Defendant Mitchell's

part. The Court pointed out that a jury would have to widely speculate, not merely infer, that Defendant Mitchell did something to Plaintiff's good time restoration requests after July 1, 2008. There was no evidence that Defendant Mitchell did anything to Plaintiff's request other than to log it in April 2008 and send it up the chain of command. Plaintiff acknowledged that he received notification from Defendant Mitchell that he received the request. Plaintiff's counsel argued that the jury could infer that Mitchell sat on the request until after July 1, 2008 due to the varying processing dates for other restoration requests, but the Court noted there was no evidence that Defendant Mitchell did anything with the request after July 1, 2008. All testimony and evidence regarding the request was from April 2008 and thus the Court concluded that a jury would have to wildly speculate that Defendant Mitchell not only sat on the request for several months until July 2008 but that he also then learned of Plaintiff's July 1, 2008 statement and chose to do something with Plaintiff's request based on that statement. As the Court pointed out, there was no evidence that Defendant Mitchell had knowledge of Plaintiff's subsequent statement as Richard Harrington, who conducted the investigation, was never asked whether he told Defendant Mitchell about the statement. Thus, there was no evidence from which a jury could find that Mitchell did anything with Plaintiff's restoration requests after Plaintiff's statement to Internal Affairs.

As to the due process claim, the Court originally addressed the claim prior to trial. The Court found that Plaintiff did not have a liberty interest in the restoration of his good time credits, but that Plaintiff could proceed on his due process claim on the grounds that Defendant Mitchell's treatment of Plaintiff's restoration requests was exceptionally arbitrary (Doc. 117).[1] At the Rule 50 hearing, the Court concluded that as there was no evidence of retaliation based on Defendant's

---

[1] Although the Court noted that the Seventh Circuit had not clearly stated whether such a cause of action existed for exceptionally arbitrary conduct. *See Thompson v. Veach*, **501 F.3d 832, 837 (7th Cir. 2007) ("There is some authority for the proposition that exceptionally arbitrary governmental conduct may in itself violate the due process clause, whether or not a liberty or property interest is at state.").**

interference with the restoration request, there was, likewise, no evidence that Mitchell acted arbitrarily in interfering with the request.

The Court dismissed both Defendants Mitchell and Delgado and entered judgment in their favor. In response, Plaintiff filed the instant motion for new trial or to alter judgment. Plaintiff makes two arguments in his motion. He first argues that his evidence as to Defendant Delgado's retaliation was sufficient to proceed to the jury because other witnesses, to the incident with Inmate Wilkins, testified to investigators that Wilkins was initially handcuffed. Plaintiff argues that this testimony, which supports Plaintiff's version of events, shows that Defendant Delgado had other reasons for issuing the disciplinary ticket because disciplinary tickets were not issued to other inmates with inconsistent testimony of the events. Further, Plaintiff points to testimony from Tracy Lee, who stated that Defendant Delgado had ultimate authority to determine whether Plaintiff lied, that he argues contradicts Delgado's testimony that he was just following the orders of his supervisors.

Plaintiff also argued that his retaliation and due process claim against Defendant Mitchell, that Mitchell interfered with Plaintiff's request for restoration of good conduct credits, was supported by sufficient evidence to go to the jury.[2] Plaintiff points out that there was evidence that he submitted his April 2, 2008 Offender Request to Defendant Mitchell and that it was marked received by Mitchell on April 4, 2008. However, Plaintiff argues that there is an issue of fact as to whether Defendant Mitchell refused to pass the request up through the chain of command and whether that action, or lack thereof, was done in retaliation for Plaintiff's July 1, 2008 statement to internal affairs. Plaintiff argues that there was evidence in the record that he did not receive a decision on his April 2, 2008 restoration request.

---

[2] Plaintiff does not challenge the sufficiency of his retaliation claim against Defendant Mitchell regarding Mitchell's July 25, 2008 statement to investigators.

III.   Analysis

Plaintiff seeks either a new trial or to alter the Court's order granting judgment as a matter of law.   Pursuant to Rule 59 of the Federal Rules of Civil Procedure, "[t]he court may, on motion, grant a new trial on all or some of the issues and to any party after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" **Fed.R.Civ.P. 59(a)(1)(A).**  *See also ADM Marking, Inc. v. Zanasi Fratelli, S.R.L.*, **353 F.3d 541, 543 (7th Cir. 2003).**   A court may grant a new trial if "the verdict is against the manifest weight of the evidence, the damages are excessive or the trial was unfair to the moving party." *Miksis v. Howard*, **106 F.3d 754, 757 (7th Cir. 1997).**   "In reviewing a motion for a new trial, we view the evidence in the light most favorable to the prevailing party.   We will not set aside the jury's verdict if there is a reasonable basis in the record which supports that verdict." *Allison v. Ticor Title Ins. Co.*, **979 F.2d 1187, 1196 (7th Cir. 1992).**

Further, to the extent Plaintiff seeks to alter this Court's judgment, the Court construes Plaintiff's motion as one filed on Federal Rule of Civil Procedure 59(e) because Plaintiff argues that there was a mistake in law or fact. *Obriecht v. Raemisch*, **517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) time period are construed based on their substance, not their timing or label)(citing** *Borrero v. City of Chicago*, **456 F.3d 698, 701-02 (7th Cir. 2006)(clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")).**   A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, **85 F.3d 314(7th Cir. 1996),** *reh'g and suggestion for reh'g en blanc denied, cert. denied* **519 U.S. 1040;** *Deutsch v.*

*Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). Likewise, a movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)). The rule "does not provide a vehicle for a party to undo its own procedural failures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). The relief provided by the rule is only available if the movant clearly establishes one of the described bases for relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

**A.    Retaliation**

An official who retaliates against a prisoner because that prisoner filed a grievance violates the prisoner's First Amendment rights. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Establishing a claim of retaliation requires a prisoner to show the following: (1) that he engaged in a protected activity, (2) he suffered a deprivation likely to prevent future protected activities, and (3) there was a causal connection between the two. *See also Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Plaintiff has "the burden of proving that retaliation was a motivating factor…but…even if he [proves] this, the defendants [can] still prevail if they persuade the jury that it was more likely than not that the [deprivation] would have taken place even if there had been no retaliatory motive." *Mays v. Springborn*, 719 F.3d 631, 634 (7th Cir. 2013).

  1.    *David Mitchell*

Plaintiff argues that his retaliation claim against Defendant Mitchell, alleging that Mitchell interfered with his restoration requests, should have gone to the jury because there was an issue of fact as to whether Mitchell failed to process Plaintiff's request after Plaintiff testified to Internal Affairs on July 1, 2008. The Court disagrees. There was simply no evidence in the record to

suggest that Defendant Mitchell mishandled Plaintiff's request. The evidence at trial was that Plaintiff submitted his request on April 2, 2008 and it was received by Mitchell on April 4, 2008. Plaintiff acknowledges that Mitchell informed him of its receipt in April. There is no evidence that Mitchell kept the grievance until after July 1, 2008, let alone destroyed the grievance after that date. Further, there was no evidence in the record that Mitchell knew about Plaintiff's statements on July 1, 2008 as Richard Harington was never asked whether he informed Defendant Mitchell of Plaintiff's interview.

Likewise, Plaintiff's claim that his due process claim should have gone to the jury also fails for the same reason. Plaintiff's due process claim was allowed to proceed on the single issue of whether Defendant Mitchell's treatment of the restoration request was exceptionally arbitrary, as the Court already determined that Plaintiff did not have a liberty interest in the restoration of his good time credits. Plaintiff has offered nothing new that would change the Court's opinion on that issue. Plaintiff's sole basis for relief is that he did not receive a decision on his April 2, 2008 request and that he did receive decisions on other requests. However, there was no evidence at trial that Mitchell did anything with the grievance other than accept it in April. There is no evidence to suggest that he sat on the grievance or destroyed the grievance after learning of Plaintiff's July 1, 2008 statement. Accordingly, the Court finds that Plaintiff is not entitled to relief on either of his claims against Defendant Mitchell.

### 2. Jose Delgado

As to Defendant Delgado, Plaintiff argues that his claim of retaliation should have gone to the jury because there was evidence that Delgado's proffered reasons for issuing the disciplinary ticket were incorrect. However, there is no evidence from which the jury could have reasonably found a causal connection between Plaintiff's July 1, 2008 statements and Delgado issuing

a disciplinary ticket. There was simply no evidence of a retaliatory motive on Delgado's part. Delgado testified that he wrote the disciplinary report at the suggestion of the investigators who determined that Plaintiff provided false information and recommended that he be issued a disciplinary ticket. Further, there was evidence that Plaintiff did in fact provide false information from which a disciplinary ticket could have been written as Plaintiff testified that Inmate Wilkins was handcuffed during the incident with the prison guards while Wilkins himself and other witness testimony showed that Wilkins was not handcuffed. Even if there was evidence of Delgado's retaliatory motive, a reasonable jury still would not have found retaliation as there was evidence that the disciplinary ticket would have been written any way. The evidence presented at trial was that Plaintiff's statements regarding Inmate Wilkins were incorrect as Wilkins was not handcuffed as Plaintiff testified and the investigators determined he was lying, which would warrant a disciplinary ticket. Thus, the evidence at trial showed that Plaintiff's actions could warrant a disciplinary ticket and the Court, accordingly, **DENIES** Plaintiff's motion on that point.

## IV. Conclusion

Accordingly, the Court **DENIES** Plaintiff's Motion for New Trial or, Alternatively, to Alter or Amend the Order Directing a Verdict in Favor of Defendants.

**IT IS SO ORDERED**.
DATED: March 7, 2014.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge